UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                             Plaintiff,

                                    CRIMINAL CASE NO. 05-50009

v.

JAJUAN MONDRESSE FORDHAM,             HONORABLE PAUL V. GADOLA
                                      U.S. DISTRICT COURT

                             Defendant.

_____/

## ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION

Before the Court is the Government's motion for reconsideration, filed on November 10, 2005. The Government seeks reconsideration of the Court's November 2, 2005 order which granted Defendant's motion to suppress. In order to prevail on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3).

As result of a traffic stop by the Flint Police Department, Defendant was arrested for driving without a license. During the arrest, the officers discovered crack cocaine on Defendant's person and a handgun in Defendant's car. Defendant is charged with Possession with Intent to Distribute 5 Grams or More of Cocaine Base, 21 U.S.C. § 841(a)(1). The basis for the traffic stop was that Defendant's front driver and passenger's side windows were so darkly tinted that the officers could not see the vehicle's driver even with the aid of the cruiser's spotlight.

Tinting a vehicle's front driver or passenger side window through a material, application,

or film is prohibited.  M.C.L. § 257.709.  The window can be tinted if the glass itself is colored, but the tinting cannot block more than 30 percent of the otherwise transmitted light.   49 C.F.R. § 571.205.  The Court granted Defendant's motion to suppress on the basis that even though Defendant's windows were illegally tinted with a film, the officers could not have determined whether Defendant's windows were illegally tinted because the preponderance of the evidence established that Defendant's windows were tinted no more than the windows of a vehicle with legal tinting.

The Defendant introduced photographs of the Defendant's vehicle, taken after the vehicle was retrieved from impound, which showed the vehicle to have windows which were not as darkly tinted as alleged by the Government.  Defendant also introduced the testimony of his girlfriend, who had retrieved the vehicle from impound and testified that its condition had not changed between the time she retrieved it and the time the pictures were taken.  The Defendant also offered the testimony of a private investigator employed by Defendant's counsel who testified that the tint on Defendant's windows was as dark as that of a late model car with legal tinting.  However, the private investigator surmised that because Defendant's vehicle was an older car, the windows were probably not tinted through a coloration of the glass but through a film.  Finally, Defendant offered an affidavit of the private investigator who averred that he spoke with the previous owner of Defendant's vehicle who stated that, at the time he owned it, the windows were as they appeared in the photographs.

As evidence that Defendant's windows were darkly tinted, the Government introduced only the testimony of the arresting officers.  The Government argued that defendant altered the appearance of his vehicle after his arrest and before the pictures were taken.  The Court found

2

Defendant's evidence that his vehicle's windows were not darkly tinted more credible than the Government's evidence that they were. In addition, the Court found "it unlikely that, to manufacture evidence that the stop of Defendant's vehicle was invalid, Defendant would have had illegal tinting removed from his vehicle's windows, only to have more illegal tinting applied." Order (Nov. 2, 2005).

Now, in its motion for reconsideration, the Government offers the declaration of the Flint Police officer who is assigned as the agent to Defendant's case. The declaration states that the officer has since examined Defendant's vehicle and discovered that the Vehicle Identification Number (VIN) etched into the driver's side window does not match the VIN of Defendant's car. The molding adjacent to both the driver and passenger's side windows is dislodged and damaged in a manner not consistent with a professional window replacement. Moreover, the declaration states that the officer determined that the vehicle's driver and passenger's side windows have no substantial observable tinting. On the basis of this declaration, the Government argues that 1) the Court erroneously relied on the finding that the vehicle's windows had an illegal film tinting and 2) the vehicle's original windows have been replaced.

To this Defendant responds with the affidavit of the private investigator employed by Defendant's counsel. The private investigator avers that he again spoke with the vehicle's original owner who said that the vehicle's driver's side window was broken while he owned it. The original owner obtained a replacement window from a junk yard and had it installed by a neighbor. The private investigator also spoke with the mother of Defendant's girlfriend, who said that no one has changed the windows since her daughter picked the vehicle up from the impound and that the

3

vehicle has remained parked in her driveway because there are too many problems with the vehicle to drive it. She also stated that she remembers seeing Defendant's car on two occasions before Defendant's arrest, and she remembers being able to see the driver through the driver's side window on those occasions. Finally, the private investigator avers that the driver and passenger's side windows do not have a film tint applied but have a tint applied through a coloration of the glass, which is evidenced by the word "Soft-ray" included in the manufacture's imprint on the glass.

Although the Court erroneously found that Defendant's vehicle's driver and passenger's side windows had a film tint, correcting this error will not "result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3). The Court still finds Defendant's evidence that his vehicle's windows were not darkly tinted more credible than the Government's evidence that they were. The preponderance of the evidence therefore establishes that the officer's could not have determined whether Defendant's vehicle had illegal tinting when they affected the traffic stop which led to Defendant's arrest.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Government's motion for reconsideration [docket entry 32] is **DENIED**.

**SO ORDERED.**

Dated:   December 13, 2005                        s/Paul V. Gadola
                                                 HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

4

<div style="border: 1px solid black; padding: 1em;">

Certificate of Service

I hereby certify that on   December 14, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        James C. Mitchell; Kenneth R. Sasse        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


s/Ruth A. Brissaud_____

Ruth A. Brissaud, Case Manager

(810) 341-7845

</div>